THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ULAS BROOM, JR., Defendant-Appellant.

Fourth District   No. 13923

Opinion filed May 31, 1977.

Richard J. Wilson, of State Appellate Defender's Office, of Springfield, and Gregory K. Harris, law student, for appellant.

Thomas J. Fahey, State's Attorney, of Danville (Robert C. Perry, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

On January 7, 1976, defendant Ulas Broom, Jr., age 19, and his companion Archie Stanford, age 16, took a cab to 417 Boone Street in Danville, Illinois. When the cab, driven by Larry Snapp, stopped at the appointed destination, Stanford pulled a knife on him, then ordered him to turn over his watch and wallet. Stanford, according to Snapp's testimony, told defendant to pick up the money bag on the floor of the front seat and defendant did so. Both then helped rip the mike from the cab radio. Stanford and defendant then disappeared with the wallet, watch and money bag.

The next day, believing there to be an outstanding warrant for his arrest, defendant voluntarily came to the police station and confessed that

he had split the proceeds of the robbery with Stanford; however, defendant denied participating in the robbery. In his statement to the police as well as in his testimony at trial, defendant maintained that he had no foreknowledge of the robbery until Stanford pulled the knife. Defendant contradicted Snapp's testimony by stating that he got out of the cab when Stanford pulled the knife. He denied picking up the money bag or helping dislodge the radio mike.

The jury found defendant guilty of the armed robbery (Ill. Rev. Stat. 1975, ch. 38, par. 18—2) and the judge sentenced him to 4 to 12 years' imprisonment even though Stanford had pleaded guilty pursuant to a negotiated agreement, and received 4 years to 4 years 1 day imprisonment. Defendant's sole contention on appeal is that his sentence was excessive under the rule that fundamental fairness and respect for law require that similarly situated defendants ought not receive grossly disparate sentences. *People v. Henne* (1973), 10 Ill. App. 3d 179, 293 N.E.2d 172.

■■ We agree with the defendant's premise that disparity of sentencing is to be avoided and that like defendants with like potential for rehabilitation who are guilty of like offenses should be given like sentences. The burden is on the defendant here to establish that which we have enumerated and this record is insufficient to do so. We recognize the difficulty that this defendant would have in getting into the record the information about his associate.

■■ Stanford received his sentence of 4 years to 4 years and 1 day by reason of a negotiated plea. In the first place, such a sentence is not an indeterminate sentence as is required by our statute. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1(a); see *People v. Harper* (1972), 50 Ill. 2d 296, 278 N.E.2d 771.) We would not, and indeed should not, repeat the mistake of the trial court in order to obtain equal, and possibly disparate, sentences.

The judgment of the circuit court of Vermilion County and the sentence imposed are affirmed.

Affirmed.

REARDON and MILLS, JJ., concur.