THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL L. SPICER, Defendant-Appellant.

Fourth District   No. 4—86—0295

Opinion filed July 21, 1987.

Daniel D. Yuhas and Timothy M. Gabrielsen, both of State Appellate Defender's Office, of Springfield, for appellant.

Ronald C. Dozier, State's Attorney, of Bloomington (Kenneth R. Boyle, Robert J. Biderman, and Perry Lee Miller, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

The defendant, Michael Spicer, was found guilty of three counts of residential burglary after a bench trial. He was sentenced to three concurrent terms of nine years' imprisonment. On appeal, the defendant argues (1) that he was denied a fair trial by the trial court's action in excluding defendant's defense of voluntary intoxication due to defense counsel's failure to comply with discovery rules, (2) that he was denied effective assistance of counsel because of his counsel's failure to tender the affirmative defense of voluntary intoxication, and (3) that the trial court abused its discretion in imposing a sentence on him. We affirm.

The crucial evidence against the defendant was provided by the codefendant, Todd Spence. Spence testified that he and the defendant shared an apartment at 818 East Washington Street in Bloomington in October and November of 1984. On October 31, 1984, Spence returned home from work between 9 and 10 p.m. He and the defendant drank alcohol and smoked marijuana during the next three to four hours. After three or four hours of drinking and smoking, they left the apartment, each carrying a screwdriver and a flashlight. They walked approximately 2½ blocks to a house at 1005 East Jefferson, broke in through a basement window, and took two stereo speakers and a purse. After returning to their apartment with the goods, they consumed more beer. Shortly thereafter, they went back to the house at 1005 East Jefferson and took a case of silverware and other small items.

Spence further testified that at approximately 1 a.m. on November 2, 1984, he and the defendant again left their apartment with screwdrivers and flashlights and broke into another residence in the same neighborhood as the first at 905 East Jefferson. The men removed a purse from the house and returned to their apartment. They confiscated $40 from the wallet and an automatic teller card, which they used to obtain another $500.

Finally, Spence testified that he read a newspaper article about a residential burglary in the apartment two doors down from their apartment. When he confronted the defendant with the story, the defendant admitted committing the crime. It was shown that the defendant committed the residential burglary after returning from a concert on November 9, 1984, and that he was intoxicated when he returned home.

■■ ■ The defense counsel attempted to cross-examine Spence regarding the defendant's intoxicated state at the time he and the defendant committed the East Jefferson Street burglaries. The State

objected to the line of questioning on the ground that the defense had not tendered the affirmative defense of intoxication during discovery as required by Supreme Court Rule 413(d). (107 Ill. 2d R. 413(d).) The court allowed an offer of proof on the issue, but excluded all substantive evidence of the affirmative defense because of defense counsel's noncompliance with Rule 413(d). The defendant first argues that the trial court's action in excluding the evidence of the defense violated his sixth amendment right to a fair trial by preventing him from presenting a defense.

Supreme Court Rule 413(d) provides:

> "Defenses. Subject to constitutional limitations and within a reasonable time after the filing of a written motion by the State, defense counsel shall inform the State of any defenses which he intends to make at a hearing or trial ***." (107 Ill. 2d R. 413(d).)

Supreme Court Rule 415(g)(i) provides:

> "If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule *** the court may order such party to permit the discovery of material and information not previously disclosed, grant a continuance, exclude such evidence, or enter such other order as it deems just under the circumstances." (107 Ill. 2d R. 415(g)(i).)

The goal of pretrial discovery is to promote the fact-finding process and to eliminate the tactical advantage of surprise by either side. Sanctions are designed to accomplish the purpose of discovery, but it is clear that the imposition of sanctions should not encroach on a fair trial. (*People v. Rayford* (1976), 43 Ill. App. 3d 283.) Whether evidence should be excluded for defendant's failure to comply with discovery rules is a matter within the trial court's discretion. *People v. Robinson* (1982), 104 Ill. App. 3d 20.

In the instant case, it is clear that defense counsel did not provide the State with information regarding the defendant's defense of voluntary intoxication as required by Supreme Court Rule 413(d). The record indicates that defense counsel knew all along of the defendant's alleged intoxicated state during the commission of the crimes and that he had adequate time to disclose the defense before trial. Yet, the State was not informed of the defense until the midst of trial, when it had already presented five witnesses. To allow the defendant to raise the defense at that point in time would have required the trial court to delay the trial in fairness to the State, whose case as prepared would obviously be disrupted. This is to say nothing

for the disruption of the trial process itself, and all for no apparent good reason on behalf of the defense. Given defense counsel's unexplained disregard for the discovery process, we believe the trial court acted properly in excluding any substantive evidence of the defense.

■ In so holding, we reject the defendant's argument that such a sanction violates the sixth amendment right to a fair trial. (But see *People v. Gracey* (1982), 104 Ill. App. 3d 133, where the exclusion of defendant's affirmative defense of voluntary intoxication was held to be a denial of fundamental fairness requiring a new trial.) We note that neither the United States Supreme Court nor the Illinois Supreme Court has directly confronted the issue as to whether a sanction allowing for the exclusion of an affirmative defense not disclosed during discovery encroaches on a defendant's sixth amendment right to a fair trial. However, both courts have upheld alibi-notice statutes despite sixth amendment challenges. (*Williams v. Florida* (1970), 399 U.S. 78, 26 L. Ed. 2d 446, 90 S. Ct. 1893; *People v. Holiday* (1970), 47 Ill. 2d 300.) Based on *Williams*, our supreme court saw fit to adopt Rule 413(d), which requires the disclosure of all defense sought to be raised by the defendant during trial. (Ill. Ann. Stat., ch. 110A, par. 413(d), Historical and Practice Notes, at 679 (Smith-Hurd 1985).) It also adopted Rule 415(g)(i), which provides sanctions for violation of the discovery process. (107 Ill. 2d R. 415(g)(i).) If there is room under the sixth amendment for a rule requiring disclosure of defenses, then there is certainly room for a sanction which enforces that rule. The sanction enforces the idea of promoting the fact-finding process and eliminating the tactical advantage of surprise by either side. The discovery rule and the sanction standing alone do not prevent the defendant from presenting a defense; it is the defendant's inexcusable noncompliance with the rule that may cause him problems. (*People v. Rayford* (1976), 43 Ill. App. 3d 283.) We find nothing in the sixth amendment entitling a defendant as a matter of constitutional right to wait until the State's case in chief is in progress before announcing the nature of his defense, when he was aware of it all along and had ample time to comply with the discovery rules, as the defendant did in the instant case. Furthermore, we decline to hold that the sixth amendment right to a fair trial prevents a trial court from excluding evidence of a defense raised in such a manner.

■ The defendant next argues that the defense counsel's failure to tender the affirmative defense of voluntary intoxication during discovery denied him effective assistance of counsel. Under the two-part test for judging claims of ineffective assistance of counsel, the defendant must first show that his counsel's performance fell below an ob-

jective standard of reasonableness. Secondly, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. (*People v. Hattery* (1985), 109 Ill. 2d 449, *cert. denied* (1986), 478 U.S. 1038, 92 L. Ed. 2d 727, 106 S. Ct. 3314.) The State maintains that defense counsel's decision to not tender the affirmative defense of voluntary intoxication was a trial tactic and exercise of judgment which cannot be the basis for finding ineffective assistance of counsel. The State further maintains that even if the defense counsel's action in not pleading the defense amounted to ineffectiveness, the outcome of the trial would not have been different. We agree with the State.

■■ A review of counsel's competence does not extend to those areas involving the exercise of judgment and trial strategy. (*People v. Somerville* (1969), 42 Ill. 2d 1.) In the instant case, we believe that the defense counsel, in exercise of judgment and trial strategy, chose not to raise the affirmative defense of intoxication. There is no question that the possibility of such a defense existed. However, this does not mean that the defense counsel was obliged to raise such a defense. Defense counsel could have decided that the evidence did not support such a defense. Alternatively, defense counsel might have decided that pursuing the defense of voluntary intoxication would have required calling the defendant to the stand, and in light of the defendant's past criminal record, this was not an advisable trial tactic. That the defense counsel as a matter of judgment did not raise the defense is also evident from his statement at trial when the State objected to the line of questioning regarding the defendant's intoxicated condition on the nights in question. Defense counsel argued that he was attacking the "knowing" element of the offense of residential burglary, not raising the affirmative defense of voluntary intoxication. As such, we cannot conclude that counsel's performance fell below an objective standard of reasonableness.

■■ Even assuming that counsel's performance did fall below an objective standard of reasonableness, we do not believe that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. The offer of proof clearly established that the evidence of intoxication would have been insufficient to release the defendant of criminal responsibility.

In the offer of proof, Spence stated that he and the defendant consumed alcohol and marijuana on a daily basis. When Spence returned from work on October 31, 1984, the evening of the first burglary, it was evident to him that the defendant had been drinking. He observed a half-full bottle of whiskey and a glass next to the defend-

ant. During the next three to four hours when the two were drinking and smoking together, Spence saw the defendant drink three to four shots of the whiskey. He stated that he and the defendant smoked two grams of marijuana. Spence knew the defendant was intoxicated because of his loud voice, euphoric state, and because of the appearance of his eyes. The offer of proof further established that during the hours before the burglary of the residence at 905 East Jefferson, Spence and the defendant drank alcohol, smoked marijuana and ingested psilocybin mushrooms. However, despite the apparent intoxicated state of the defendant on both of these occasions, Spence stated that the defendant had no trouble speaking, standing, sitting or walking, and that the defendant had a high tolerance for intoxicating substances. More specifically, he stated that during the burglary at 1005 East Jefferson, the defendant had no trouble entering the basement window, walking quietly through the house, or carrying away the speakers and other effects. Similarly, the defendant had no trouble entering or moving around quietly inside the house at 905 East Jefferson. In addition, the defendant was able to ride Spence's bike to an automatic teller machine and use the automatic teller card he took from the purse at 905 East Jefferson to obtain cash just minutes after the burglary.

The defendant was called to complete the offer of proof. He stated that during October and November 1984, he consumed alcohol, smoked marijuana and ingested other drugs, including quaaludes, LSD, PCP and psilocybin from mushrooms. He was not able to say specifically what types of drugs and alcohol or what amounts he consumed on the nights in question. He stated that he had been diagnosed as being a habitual alcoholic and drug addict and had been prescribed tranquilizers to ease the withdrawal symptoms he was experiencing since being placed in the county jail. He claimed to have no recollection of his activities on the dates in question.

In reference to the offer of proof, the trial court stated:

"It would be my judgment or my considered opinion that because of that offer of proof, I've had the opportunity to review evidence that the defendant might have presented to assert the affirmative defense of voluntary intoxication. If such evidence had been presented for substantive consideration, I have absolutely no doubt at this point that it would not have been sufficient to relieve the defendant of criminal responsibility. The remainder of the evidence, both direct and circumstantial, is such that it would point to the defendant being criminally responsible for this conduct and not being relieved of it because of vol-

untary intoxication."

We agree with the trial court's assessment of the offer of proof. Even if the evidence presented in the offer of proof had been allowed in as substantive evidence, the trial court was not required to accept the defendant's uncorroborated and self-serving statement concerning his lack of recollection of the crimes. Rather, the court could accept Spence's version of the incidents, as it indicated it would do, wherein the defendant was aware of his actions during the commission of the crimes. We find no reasonable probability that, if the defense had been raised, the result of the proceedings would have been different. Therefore, this is not a case of ineffective assistance of counsel.

■■ ■ The defendant's final argument on appeal is that the trial court abused its discretion in imposing a greater sentence upon the defendant than on Spence. The defendant was sentenced to nine years for each of three burglaries, the terms to run concurrently. Spence was sentenced to 48 months' probation with the condition that he serve six months' periodic imprisonment, pay a fine and court costs, and make restitution for his participation in two of the burglaries.

In assessing whether a sentence is excessive in light of a lesser sentence imposed on a codefendant, consideration is to be given to the differences in their criminal backgrounds and the degree to which each defendant participated in the commission of the offense. (*People v. Martin* (1980), 81 Ill. App. 3d 238.) Disparity in sentencing is to be avoided in that like defendants with like potential for rehabilitation who are guilty of like offenses should receive like sentences. (*People v. Broom* (1977), 48 Ill. App. 3d 994.) It is proper for the trial court to grant sentence concessions to a defendant who by his plea acknowledged his guilt, insured prompt and certain application of correctional measures to him, and cooperated in successful prosecution of other offenders. *People v. Sivels* (1975), 60 Ill. 2d 102.

The record reveals that Spence entered a guilty plea to two counts of residential burglary and that he cooperated in the prosecution of the defendant. Spence's prior criminal record consisted of traffic offenses only. The offenses were speeding on two occasions, driving too fast for conditions, improper lane usage and driving with no valid driver's license. Spence was gainfully employed when the burglaries were committed and was paying child support for his two children.

The defendant's prior criminal record is extensive. It indicates that the defendant was adjudicated delinquent as a minor in January 1980 for committing forgery and theft. He was placed on 12 months'

probation in March 1980 and then dismissed from probation in March 1981. As an adult, he committed robbery in January 1981 and burglary in February 1981. He was sentenced to 48 months' probation and ordered to pay restitution and costs in both cases. Probation was revoked in December 1983 for reasons not made clear in the record, and the defendant was sentenced to three years in the Department of Corrections. In July of 1984, the defendant was paroled. While on parole, he committed the instant offenses. Additionally, the record indicates that the defendant currently has a robbery charge pending against him in Indiana. At the sentencing hearing, it was shown that the defendant has been unsuccessful in completing various drug treatment programs. The defendant has been incarcerated and earns no income. He has an illegitimate daughter whom he apparently does not support.

■■■ Based on this evidence, we cannot agree with the defendant that the court abused its discretion in imposing a sentence. There is an obvious disparity in the criminal history of the defendant and Spence, with the defendant's being much more serious and, therefore, warranting a greater sentence. The sentencing court could have also considered that, though both defendants participated equally in the East Jefferson Street burglaries, Spence did not participate at all in the third burglary. There is also an obvious disparity in the potential for rehabilitation of the defendants. Spence had no prior felony convictions, was never sentenced by a court, and was supporting himself and two children at the time he committed the offenses. On the other hand, the defendant is a repeat felony offender who has violated both conditions of probation and conditions of parole in the past. He has unsuccessfully completed various drug treatment programs and has been disinclined to legally support himself or provide for his child. Spence and the defendant are not like defendants with like potential for rehabilitation. Thus, the trial court did not abuse its discretion in imposing a greater sentence on the defendant. Accordingly, the judgment of the circuit court of McLean County is affirmed.

Affirmed.

BARRY, P.J., and WOMBACHER, J., concur.