THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. AMOS KYSE, JR., Defendant-Appellant.

Fourth District   No. 4—90—0820

Opinion filed October 9, 1991.—Rehearing denied December 4, 1991.

Daniel D. Yuhas and Charles L. Jones, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE LUND delivered the opinion of the court:

Following a jury trial, defendant Amos Kyse, Jr., was found guilty of first-degree murder (Ill. Rev. Stat. 1989, ch. 38, par. 9—1(a)) and sentenced to 25 years' imprisonment. On appeal, defendant argues that (1) he was denied effective assistance of counsel because counsel failed to raise the affirmative defense of voluntary intoxication; and (2) the trial court abused its discretion in imposing his sentence. We affirm.

At trial, the State admitted into evidence an interview Champaign city police detective George Moreland had with defendant on May 18, 1990, at 10 p.m., approximately one hour after the incident. The contents of defendant's statement are generally supported by both the State and defense witnesses, and no factual disputes arise on appeal. During the interview, defendant stated that on May 18, 1990, he resided at 306 North Second Street, Champaign, with his girlfriend Tamara Wright, Wright's daughter, the decedent Anthony Douglas Smith, Smith's girlfriend Catherine Faye (Chris) Carter, and Carter's two children.

On May 18, 1990, defendant had a barbecue and party at his home in Champaign. He stated to police that he had invited several friends and relatives to the party and that he was drinking. There was also evidence presented that the defendant used marijuana at the barbecue.

According to the defendant, Anthony Douglas Smith, Amos Kyse, Sr. (defendant's father), Charles Kyse, and others were playing cards at approximately 8:30 or 9 p.m. on the evening of the incident. At that time, Charles Kyse and Anthony Douglas Smith had some sort of

argument, and Smith stopped the card game. The defendant stated that at this time Smith said something to make defendant's father cry. The defendant then confronted Smith and told him to apologize to Amos Kyse, Sr. Smith began using profanity and stated he would not apologize to anyone. At this point the defendant admitted, "I don't know what hit me, but I grabbed the knife and I swung it at him. I hit him." The defendant told police that he was provoked. His statement further described the knife's dimensions and the altercation with Smith. During the interview with police, defendant further described the color of Smith's clothing and identified who was present at the time of the stabbing.

The defendant first argues that he was denied effective assistance of counsel because his attorney did not raise the affirmative defense of voluntary intoxication. Defendant relies on the following to support this contention: (1) he consumed alcohol and marijuana; (2) a Champaign police officer stated he could tell defendant had been drinking; and (3) defendant's alcohol evaluation stated that he is an alcoholic.

In *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052, the Supreme Court announced a two-part test for judging ineffective assistance of counsel claims. Under that test, a defendant must first show that his counsel's performance fell below an objective standard of reasonableness (*Strickland*, 466 U.S. at 688, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064); second, the defendant must also show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different (*Strickland*, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068). Our own supreme court adopted the *Strickland* test in *People v. Albanese* (1984), 104 Ill. 2d 504, 526, 473 N.E.2d 1246, 1255. Our supreme court has also recognized that the independence of defendant's counsel is essential to a fair trial and that no two defense attorneys will necessarily agree on the same strategy for a particular case. Accordingly, when evaluating ineffectivness claims, courts must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. (*People v. Hattery* (1985), 109 Ill. 2d 449, 460-61, 488 N.E.2d 513, 517.) Effective assistance of counsel refers to competent, not perfect, representation. (*People v. Hillenbrand* (1988), 121 Ill. 2d 537, 548, 521 N.E.2d 900, 904, citing *People v. Stewart* (1984), 104 Ill. 2d 463, 492, 473 N.E.2d 1227, 1240; see also *People v. Torres* (1973), 54 Ill. 2d 384, 391-92, 297 N.E.2d 142, 147.) The State contends that defense counsel's decision not to tender the affirmative defense of voluntary intoxication was a

trial tactic, and that exercise of judgment cannot be the basis for finding ineffective assistance of counsel. We agree with the State.

A review of defense counsel's competency does not extend to areas that involve the exercise of judgment and trial strategy. (*People v. Somerville* (1969), 42 Ill. 2d 1, 245 N.E.2d 461.) In the instant case, we believe that defense counsel, in an exercise of judgment and trial strategy, chose not to raise the affirmative defense of voluntary intoxication, although such defense could have been raised. Trial counsel informed the court, outside the jury's presence, that voluntary intoxication was not available. This statement alone shows that trial counsel considered and rejected voluntary intoxication as a viable defense. Trial counsel's decision was within the objective standard of reasonableness.

Even assuming that counsel's performance did fall below an objective standard of reasonableness, we do not believe there was a reasonable probability that the jury would have decided differently. The evidence adduced at trial established that evidence of defendant's intoxication would have been insufficient to release the defendant of criminal responsibility. See *People v. Spicer* (1987), 158 Ill. App. 3d 699, 704, 511 N.E.2d 235, 240.

The defendant's statement to police, which was admitted into evidence without objection, contained the defendant's version of what happened prior to and during the stabbing. The defendant gave his statement after the passage of only one hour. Defendant's statement to police was very specific, and it described who was present at the party and what happened leading up to the stabbing. No witnesses testified to facts which would give rise to the inference that defendant did not know what he was doing. In fact, defendant stated to police that he was provoked by decedent. Provocation was the very defense that trial counsel attempted to assert, and which, on appeal, the defendant now claims is an unworkable defense.

In order for defendant to maintain voluntary intoxication as an affirmative defense, the voluntary intoxication must be so extreme as to suspend all of defendant's powers of reason. (*People v. Bradney* (1988), 170 Ill. App. 3d 839, 855, 525 N.E.2d 112, 122.) Given the defendant's strong recollection of the events and his admission that he felt provoked by the decedent, it is clear the voluntary-intoxication defense would have failed. Therefore, this is not a case of ineffective assistance of counsel.

The defendant's final argument on appeal is that the trial court abused its discretion in imposing an excessive sentence upon him and sentencing him to 25 years' incarceration for first-degree murder. The

defendant claims that the sentencing court considered neither his potential for rehabilitation nor his remorse for the crime.

The Illinois Supreme Court has often emphasized the undesirability of a reviewing court substituting its judgment for that of the sentencing court. The trial judge is ordinarily best suited to tailor a sentence to the needs of the case. The sentencing court balances the appropriate factors in imposing sentence and, absent an abuse of discretion, the sentencing court's decision should not be altered on review. *People v. Hicks* (1984), 101 Ill. 2d 366, 375, 462 N.E.2d 473, 477.

■ In the instant case, the trial court did consider the defendant's rehabilitative potential. Several times at sentencing the court mentioned that defendant had some rehabilitative potential. The court also stated that defendant's rehabilitative potential was the reason for a less-than-maximum sentence. The court also considered in aggravation the defendant's past criminal history and the fact that he was on intense probation at the time of the stabbing. The court did not abuse its discretion.

The defendant also claims that the sentencing court failed to consider his remorse as a factor in mitigation. The trial court is not required to expressly indicate its consideration of all mitigating factors and what weight each factor should be assigned. (*People v. Watkins* (1990), 206 Ill. App. 3d 228, 246, 563 N.E.2d 806, 816.) If mitigating factors are presented to the court, absent some contrary evidence, there is a presumption that the trial court considered them. *Watkins*, 206 Ill. App. 3d at 246, 563 N.E.2d at 816.

The court engaged in a lengthy explanation of its considerations prior to sentencing the defendant. The fact that the court did not specifically mention the defendant's remorse is not evidence of an abuse of discretion. Statutes requiring the trial court to state its reasons for imposing a particular sentence do not mandate a nonwaivable requirement necessitating remand. (*People v. Davis* (1982), 93 Ill. 2d 155, 162-63, 442 N.E.2d 855, 858.) In the instant case, as in *Davis*, the defendant failed to request a statement of reasons for the sentence given. Therefore, even if the sentencing court had not elaborated on its consideration of aggravating and mitigating factors, the defendant has waived this issue. The judgment of the trial court in this case is affirmed.

Affirmed.

GREEN and KNECHT, JJ., concur.