NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210512-U

NOS. 4-21-0512, 4-21-0513 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 12, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| ANTON R. JONES, | ) | Nos.   20CF93 |
| Defendant-Appellant. | ) |      20CF296 |
| | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Cavanagh and Harris concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court affirmed, finding the trial court's sentence was not excessive.

¶ 2       In May 2020, in Livingston County case No. 20-CF-93, a jury convicted

defendant, Anton R. Jones, of two counts of misdemeanor domestic battery (720 ILCS 5/12-

3.2(a)(1), (2) (West 2018)) and one count of felony aggravated domestic battery (720 ILCS 5/12-

3.3(a-5) (West 2018)). In March 2021, in Livingston County case No. 20-CF-296, the trial court

convicted defendant of two counts of misdemeanor domestic battery (720 ILCS 5/12-3.2(a)(1),

(2) (West 2018)), two counts of felony aggravated domestic battery (720 ILCS 5/12-3.3(a), (a-5)

(West 2018)), and misdemeanor criminal trespass to real property (720 ILCS 5/21-3(a)(2) (West

2018)). The trial court held a consolidated sentencing hearing and sentenced defendant to an

aggregate term of eight years' incarceration.

¶ 3        Defendant appeals, arguing his sentence is excessive because the trial court failed to consider mitigating factors at sentencing such as his history of substance abuse, mental health issues, and rehabilitative potential. We affirm.

¶ 4                              I. BACKGROUND

¶ 5        Defendant's charges in case No. 20-CF-93 arose out of an altercation between defendant and his previous girlfriend, J.K. Evidence at the jury trial included testimony that, on April 25, 2020, J.K. went to defendant's apartment after she called him, and another woman answered the phone. J.K. admitted threatening the other woman when she arrived. When defendant opened the door, he entered the hallway, grabbed J.K. by her throat, and pushed her against the wall. Shortly after, at J.K.'s nearby apartment, defendant grabbed J.K.'s hair, threw her to the floor, and punched her head or hit her head on the wall. Defendant went to the kitchen and threw J.K.'s phone on the floor, breaking the screen. He also threatened to kill J.K. and himself. Defendant cut himself and followed J.K. to her bedroom, where he repeatedly hit J.K. with a closed fist. J.K went to the bathroom and called her sister. Defendant told J.K. to say nothing happened, bit her on the neck, and left. A jury found defendant guilty on all three counts.

¶ 6        In case No. 20-CF-296, the evidence at the bench trial included testimony from another woman, S.W., who lived with defendant in October 2020. When she woke up one morning, she observed defendant "huffing and puffing" and pacing the hallway with an upset demeanor. S.W., who was still in bed, grabbed her phone to call her mother and noticed phone numbers were deleted from her contacts. S.W. asked defendant if he deleted the numbers, and he "flew right over" to her, got on top of her, and bit her underneath her eye and on her lip. He also pushed his arm down on S.W.'s throat, which prevented her from breathing, and he repeatedly punched her in the face. S.W. got away and ran to a neighbor's apartment. S.W. went to the

hospital, where she remained for four to five days and had surgery on the back of her throat. The trial court found defendant guilty on all five counts.

¶ 7　　　　　On July 12, 2021, the trial court held a consolidated sentencing hearing. The presentence investigation report (PSI) showed defendant had previous convictions in Ohio in 2014 and 2016 of "Underage Consumption" and "Prohibitions for Minors Under 21." He failed to appear in one case and had his probation revoked. Defendant also had a burglary conviction in Ohio in 2016 in which his sentence to drug court was revoked. He had a May 18, 2020, pending charge of violating an order of protection in Illinois and had failed to appear for his last court date on October 27, 2020.

¶ 8　　　　　The PSI showed defendant was currently unemployed but had a history of employment. He had a lengthy history of alcohol and substance abuse. He first consumed alcohol, cannabis, and methamphetamine at age 14. He also abused pills. He admitted to periods of heavy alcohol and cannabis use. He also admitted to using synthetic cannabis sporadically while on probation because it did not show up on drug tests. Defendant reported using fewer substances at the time of the report and stated he completed a drug court probation program in Ohio, although records from Ohio showed his drug court probation had been revoked. He stated he was willing to attend drug treatment and was seeking consideration for the drug court program. He reported he would live with his grandparents upon release from custody in a " 'calm' " and generally drug-free neighborhood.

¶ 9　　　　　Defendant reported he previously underwent mental health counseling in Ohio but did not remember details about the treatment provider. He indicated he was planning to get mental health treatment before his arrests. He stated he had post-traumatic stress disorder, anxiety, and depression, and he experienced suicidal thoughts and fear. He currently took the

prescription medications Zoloft, Remeron, and "Paxon." Defendant was hospitalized as a child when he cut his wrists and stabbed himself. He admitted having trouble controlling his anger and said he would like to have mental health services. He graduated from high school in 2014 but reported having behavior problems in school because he used drugs and skipped classes. Defendant stated his adoptive father abused him as a child and he spent a brief period in foster care. He currently was not allowed in his adoptive parents' home because of his drug use. A risk assessment indicated a high-risk level for recidivism.

¶ 10        Defendant denied being under the influence of drugs or alcohol at the time of the offenses. Defendant admitted some of the allegations but denied other allegations. He also said, " '[T]here's more to the story than what these two girls are saying.' " Defendant reported S.W. was abusive and hit him with her car and punched him.

¶ 11        At the sentencing hearing, the State provided the PSI and victim impact statements. Defendant gave a brief statement in allocution, telling the court he was sorry "for the negative *** things [he] did in the past." He admitted having a drug problem, stated he moved from Ohio to get away from the problem, and said he was helping his grandparents and others in the community.

¶ 12        The trial court first noted it obligation to consider probation as a "preferred disposition" stating, "unless I find that a term of probation would deprecate the serious nature of the charges and be inconsistent with the ends of justice or if I find that the [d]efendant is a risk of harm to the community and that his incarceration is necessary for the protection of the public." The trial court then emphasized the seriousness of the offenses. Although both Class 2 felonies, the trial court found the nature of the harm inflicted in one was greater than the other. In aggravation, the court observed defendant's previous criminal history, noting defendant

- 4 -

committed the offense in case No. 20-CF-93 while he was on parole. Then, he committed the offense in case No. 20-CF-296 while on bond in case No. 20-CF-93. The court acknowledged defendant's substance abuse issues but told defendant, "[A]t this point in your life, you appear to be fairly out of control from a legal standpoint." The court also noted defendant's assessed high-risk level for recidivism and stated the need for deterrence was a strong factor.

¶ 13        The trial court stated it did not find any applicable statutory factors in mitigation. However, the court then stated it recognized defendant's young age of 25, his difficult upbringing, and mental health and substance abuse issues. The court also noted defendant left Ohio but chose to do the same things in Illinois and did not address his problems or get the help he needed. Ultimately, the court stated the strong aggravating factors outweighed the mitigating factors and a term of probation would deprecate the serious nature of the charges and be inconsistent with the ends of justice.

¶ 14        The court sentenced defendant to an aggregate term of eight years' incarceration. After merging the counts in each case, the court sentenced defendant to three years' incarceration for aggravated domestic battery in case No. 20-CF-93. In case No. 20-CF-296, the court sentenced defendant to two concurrent terms of five years each for aggravated domestic battery, to be served consecutively to the three years in case No. 20-CF-93. The court also imposed four years of mandatory supervised release and various fines and fees.

¶ 15        Defendant filed a motion to reconsider the sentence, arguing the sentence was excessive. At the hearing on the motion, the trial court stated it considered all the factors argued at sentencing, and it "certainly carefully considered everything that was required by statute." The court repeated the aggravating factors greatly outweighed the mitigating factors. Accordingly, the court denied the motion.

¶ 16    This appeal followed. This court docketed the appeal in case No. 20-CF-93 as No. 4-21-0512 and the appeal in case No. 20-CF-296 as No. 4-21-0513. This court allowed defendant's motion to consolidate the appeals.

¶ 17                                    II. ANALYSIS

¶ 18    Defendant contends his sentence is excessive. He argues the factors in aggravation and mitigation did not justify the sentence and the trial court overlooked or refused to address mitigating factors.

¶ 19    "[A] sentence within statutory limits will not be deemed excessive unless it is greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense." (Internal quotation marks omitted.) *People v. Little*, 2011 IL App (4th) 090787, ¶ 22, 957 N.E.2d 102. The trial court has discretion when sentencing, and we will not reverse the court's decision absent an abuse of that discretion. *People v. Snyder*, 2011 IL 111382, ¶ 36, 959 N.E.2d 656.

¶ 20    In determining what sentence to impose, the trial court may consider (1) the defendant's history, character, and rehabilitative potential; (2) the seriousness of the offense; (3) the need to protect society; and (4) the need for punishment and deterrence. *People v. Klein*, 2022 IL App (4th) 200599, ¶ 34, __N.E.3d__. The seriousness of the offense is the most important sentencing factor, and the trial court need not give greater weight to rehabilitation or mitigating factors than to the severity of the offense. *People v. Aquisto*, 2022 IL App (4th) 200081, ¶ 112.

¶ 21    "The trial court is not required to expressly indicate its consideration of all mitigating factors and what weight each factor should be assigned." *People v. Kyse*, 220 Ill. App. 3d 971, 975, 581 N.E.2d 285, 288 (1991). Instead, it is presumed a trial court considered all

relevant mitigating and aggravating factors in fashioning a sentence, and that presumption will not be overcome absent explicit evidence from the record the trial court failed to consider mitigating factors. *People v. Flores*, 404 Ill. App. 3d 155, 158, 935 N.E.2d 1151, 1155 (2010). We may not substitute our judgment for that of the trial court merely because we might have weighed a factor differently. *Klein*, 2022 IL App (4th) 200599, ¶ 37.

¶ 22        Here, defendant's aggregate sentence of eight years' incarceration was well within the statutory range. Aggravated domestic battery is a Class 2 felony. 720 ILCS 5/12-3.3(b) (West 2020). A Class 2 felony is punishable by a determinate sentence of not less than three years and not more than seven years in prison. 730 ILCS 5/5-4.5-35(a) (West 2020). Consecutive sentences are required when a person charged with a felony commits a separate felony while on pretrial release. 730 ILCS 5/5-8-4(d)(8) (West 2020). Thus, defendant faced a possible maximum aggregate term of 14 years' incarceration.

¶ 23        In imposing the sentences, the trial court reasonably noted the seriousness of the offenses, defendant's criminal history, the need for deterrence, and his risk of recidivism. Indeed, defendant had committed his crimes in case No. 20-CF-93 while on parole and then committed the offenses in case No. 20-CF-296 while on bond in case No. 20-CF-93. He also had a pending charge for violating an order of protection.

¶ 24        Defendant argues the trial court refused to consider any mitigating factors, noting the trial court said it did not find any statutory mitigating factors applied. However, after the trial court stated it found no statutory factors in mitigation, it then acknowledged, discussed, and discounted multiple other mitigating factors. For example, the record shows the trial court discussed defendant's youth, family history, and his history of mental health and substance abuse issues.

¶ 25    As to statutory factors in mitigation, defendant argues the trial court failed to consider two factors. First, he argues the court did not consider that he " 'has led a law-abiding life for a substantial period of time before the commission of the present crime.' " See 730 ILCS 5/5-5-3.1(a)(7) (West 2020) (stating in full, "[t]he defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present crime"). But that factor would logically apply to only the first of the offenses, in case No. 20-CF-93, in which the trial court already imposed the minimum sentence. Further, as the trial court noted, defendant had a criminal record and was on parole at the time of that offense.

¶ 26    Defendant next contends the trial court refused to consider his "character and attitudes" indicate "he is unlikely to commit another crime" by failing to consider his expressions of remorse and his desire to change. See 730 ILCS 5/5-5-3.1(a)(9) (West 2020). However, at the sentencing hearing, the court noted, and discounted, defendant's statements concerning his desire for treatment, and it particularly noted his criminal history and high risk of recidivism. We will not reweigh those factors. Then, at the hearing on the motion to reconsider, the court specifically stated it considered all statutory factors. Accordingly, we do not agree defendant overcame the presumption the trial court considered all relevant mitigating and aggravating factors in fashioning the sentence. Accordingly, the trial court's sentence was not an abuse of discretion.

¶ 27                                III. CONCLUSION

¶ 28    For the reasons stated, we affirm the trial court's judgment.

¶ 29    Affirmed.