## *In re* GRZYESKOWIAK.

1. WITNESSES—DETENTION OF MATERIAL WITNESS IN PENDING CRIMINAL CASE.

Good faith issuance of warrant to arrest murderer and its delivery to an officer for execution constituted commencement of the prosecution a "criminal case pending" within the meaning of 3 Comp. Laws 1929, § 17249, permitting detention of material witness for appearance at trial where there is danger of loss of his testimony.

2. SAME—DETENTION IN LIEU OF BOND.

Trial court *held,* justified in remanding material witness of murder to custody of sheriff upon failure to furnish bond fixed by court, where affidavits show danger of loss of his testimony (3 Comp. Laws 1929, § 17249).

3. SAME—UNREASONABLE DETENTION.

 Detention of material witness to a murder for four months, during which time murderer has not been apprehended *held*, unreasonable and to justify release on his personal recognizance to appear at the trial (3 Comp. Laws 1929, § 17249).

4. COURTS—UNLAWFUL MOLESTATION OF CITIZENS.

 It is the duty of all courts to prevent unlawful or unreasonable molestation of good or bad citizens.

*Habeas corpus* proceeding by Edward Grzyeskowiak with accompanying certiorari to Arthur Webster, Wayne circuit judge, to obtain release from custody of sheriff of Wayne county. Submitted May 8, 1934. (Calendar No. 37,855.) Writ allowed June 5, 1934.

*O. K. Underwood,* for petitioner.

*Patrick H. O'Brien,* Attorney General, *Harry S. Toy,* Prosecuting Attorney, and *William C. Buckingham* and *Edmund E. Shepherd,* Assistants Prosecuting Attorney, for the people.

BUTZEL, J. Petitioner Edward Grzyeskowiak has sued out a writ of *habeas corpus* accompanied by the ancillary writ of certiorari to secure his release from the custody of the sheriff of Wayne county, Michigan, by whom he is being held under an order of the circuit judge. On January 6, 1934, in the city of Hamtramck, Wayne county, Michigan, one Anthony Gossman was murdered by Frank Zajkowski, alias Frank Reed. The homicide occurred in a cafe operated by Thomas Bradley, its owner and proprietor, and was witnessed by petitioner, who worked there as an assistant bartender. The crime was not discovered, nor the body found, until January 21, 1934. Upon recommendation of the prosecuting attorney for Wayne county, a formal written and sworn complaint, charging the said Frank Zajkowski, alias Frank Reed, with the murder, was presented to

Honorable Charles Rubiner, judge of the common pleas court of the city of Detroit. On January 27, 1934, the latter, acting under his statutory authority as a magistrate, issued a warrant for the arrest and apprehension of the murderer. The warrant was in good faith placed in the hands of a competent officer, and *bona fide* efforts have been made to serve it. However, the murderer has not been apprehended up to the present time, but is still a fugitive from justice.

Contemporaneously with the issuance of the warrant, and while the proceedings were pending in the common pleas court for the city of Detroit, several affidavits were presented to Honorable Arthur Webster, circuit judge, requiring petitioner and other witnesses to enter into recognizances for their appearance upon the preliminary examination of the defendant in the common pleas court, and, if bound over, at his trial in the circuit court. This proceeding was held in accordance with 3 Comp. Laws 1929, § 17249, the same being chapter 7, § 35, of the Michigan code of criminal procedure, which provides as follows:

"Sec. 35. Whenever it shall appear to any court of record that any person is a material witness in any criminal case pending in any court in the county and that there is danger of the loss of testimony of such witness unless he be required to furnish bail or be committed in the event that he fails to furnish such bail, said court, or a circuit court commissioner in the absence of a judge of any court of record, shall require such witness to be brought before him and after giving him an opportunity to be heard, if it shall appear that such witness is a material witness and that there is danger of the loss of his testimony unless he furnish bail or be committed, said court may require such witness to enter into a recognizance with such sureties in such amount as the court may determine for his appearance at any

examination or trial of said cause. All witnesses who fail to so recognize, shall be committed to jail by said court, there to remain until they comply with such order or are discharged by future order of said court.''

From the affidavits on record it appears that petitioner acknowledged that he was an eyewitness of the murder; that he remained in hiding for a period of about 15 days after the murder, living in a hotel under an assumed name and in company with a woman with whom he maintained an illicit relationship; that until the night of the shooting, petitioner had been employed as a bartender in the cafe where the murder took place; that in conjunction with the cabaret a disorderly house was conducted in the rear of the adjoining lot. It also appears that immediately after the murder the body of the slain man was transported out of the county and thrown into a field in Macomb county. The prosecutor claims that it may reasonably be inferred that petitioner helped to move the body, but there is no testimony to that effect.

When petitioner was brought before the court, his bail was fixed at $10,000, and, in default of furnishing such bond, he was remanded to the custody of the sheriff. In the meantime, unsuccessful efforts were being made to apprehend the murderer. After petitioner had been in jail 10 weeks, his application for release on bail was again presented to the trial judge. A hearing was held in open court, and petitioner was given an opportunity to be heard as to why he should not be detained. However, despite the court's offer, petitioner's attorney declined to call upon him to testify or to show cause why he should not be required to give recognizance. The attorney claimed that petitioner should be released

on his own recognizance or on a dollar bond, contending that the proceedings might otherwise amount to life imprisonment without due process of law in the event that the murderer were never apprehended. When the court inquired: "If you want the court to fix some particular time when he will be brought before the court again, I will fix it," counsel replied: "No, I want the court to fix a bond. Are you going to discharge him or fix a bond?"

The court thereupon fixed the bond at $5,000, and, in default of the furnishing of such bond, petitioner was again remanded to the sheriff's custody.

In opposition to petitioner's motion for a writ of *habeas corpus,* the prosecutor insists that if petitioner is released, it is not unreasonable to expect, in view of his antecedents and character, that he will disappear and thus frustrate any attempt to convict the murderer, should the latter be subsequently apprehended. It is further claimed that the entire attitude of the petitioner has been such as to make it appear that he was trying to defeat justice. The court had good reason to characterize petitioner's conduct as flippant.

Although the murderer had not yet been apprehended at the time of the original proceedings against petitioner, the issuance of the warrant in good faith, and its delivery to an officer to execute, constituted a commencement of the prosecution. *People* v. *Clark,* 33 Mich. 112; *People* v. *Clement,* 72 Mich. 116. There was, therefore, a criminal case pending in a court in the county, at that time, within the meaning of the above statute. Consequently, since the affidavits clearly show that petitioner was a material witness in such case, and that there was danger of the loss of his testimony unless he were required to furnish bail or be committed, the trial

court acted within its rights under the statute in remanding petitioner to the custody of the sheriff when he failed to furnish the bond fixed by the court.

However, we do not believe that the court may, under the statute, hold such a witness for more than a reasonable length of time. As the trial court correctly stated at the hearing, "what that reasonable time is will of necessity depend upon circumstances." In the instant case petitioner has now been in the custody of the sheriff for approximately four months, and the murderer has not yet been apprehended. Under these circumstances, it would be unreasonable to hold the witness any longer and he should be released on his personal recognizance to appear as a witness at the trial. While we appreciate the difficulties encountered by the police in the detection of crime, the apprehension of criminals, and the securing of attendance of material witnesses, it is nevertheless the duty of all courts to prevent good or bad citizens from being unlawfully and unreasonably molested. *In the Matter of Sarah Way,* 41 Mich. 299.

The writ is granted upon condition that petitioner enter into a personal recognizance to appear as a witness at the trial.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.