GENERAL QUINCE *vs.* HAROLD V. LANGLOIS, *Acting Warden.*
TITUS WARD *vs.* HAROLD V. LANGLOIS, *Acting Warden.*

MARCH 20, 1959.

PRESENT: Condon, C.J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. These are two petitions for writs of habeas corpus. The questions raised therein are questions of law and are the same in each case. Writs were ordered to issue and were made returnable on March 4, 1959 at which time the petitioners were heard through their counsel. The respondent was represented by an assistant attorney general. Aram K. Berberian as amicus curiae was given permission to file a brief.

It appears from the petitions and the affidavits attached thereto that in September 1958 General Quince, of Baltimore, Maryland, and Titus Ward, of New Orleans, Louisiana, came to the Hollis Chase farm in West Kingston in this state to work for a period of about three months; that these petitioners were arrested as witnesses to a crime alleged to have been committed by Harry Robinson in the town of South Kingstown on October 17, 1958; that they were held without charge for approximately two days; that on October 19 they were brought before the district court of the third judicial district in the town of Westerly at which time the court was asked to hold them as witnesses; that bail was set for each petitioner at $5,000 which neither was able to raise; that there was no inquiry as to whether they were material witnesses, nor was either one asked whether he planned to leave Rhode Island; that neither was asked any questions; and that in default of bail they were committed to the adult correctional institution as witnesses to the commission of a crime. It appears also that Harry Robinson was bound over to the grand jury on a charge of murder, and that thereafter an indictment for manslaughter was returned against him.

As reasons for seeking writs of habeas corpus petitioners assert that at the time of commitment there was no hearing; that the bail fixed was excessive; that the length of their detention was unreasonable; and that no opportunity was given to obtain counsel.

For the reasons stated, petitioners contend that they have been deprived of their liberty without due process of law in violation of the fourteenth amendment to the constitution of the United States and in violation of article I, secs. 8, 10 and 14 of the constitution of Rhode Island. They contend further that general laws 1956, §§12-13-12 and 13, are unconstitutional in that they are in violation of the constitution of the United States and the constitution of Rhode Island.

The sections of the statute under which the petitioners were held as witnesses read as follows:

§12-13-12: "Whenever any person charged with any crime or offense, not within the jurisdiction of a district court to try and determine, shall be recognized or committed for trial at the superior court by any district court, such district court, at any time before the grand jury shall make its report or presentment regarding the person so charged, may bind by recognizance, with or without surety, such witnesses as it shall deem material, to appear and testify at the higher court, in case it shall deem it necessary to insure the attendance of such witnesses."

§12-13-13: "Every witness who shall refuse to comply with the order of a district court requiring him to give recognizance, whether with or without surety, shall be committed to the jail in the same county, there to remain until he give recognizance or be discharged pursuant to law."

The words "such witnesses as it shall deem material" mean such witnesses as it shall decide or judge to be material. *De Stefanis* v. *Zoning Board of Review,* 84 R. I. 343. The statute implies a hearing at which a judge shall be present who shall make a finding based upon evidence

that a given person is or is not a material witness, that is, a witness whose testimony would affect the determination of the case.

In the instant case there was a hearing before a justice of a district court at which petitioners were present and also an attorney representing the state. A request was made by such attorney that the petitioners be held. They were asked no questions and they made no statements. The petitioners were not accused of crime but were held as material witnesses in relation to a crime alleged to have been committed by another person.

Counsel for petitioners contend that the statute of this state under which petitioners were committed is unconstitutional since it deprives witnesses of their liberty without due process of law. The statute provides for a hearing before a court of record with such examination of witnesses as may be necessary to determine their materiality with the right on the part of the court to bind them by recognizance with or without surety and with the further right to commit such witnesses if they fail to comply with its order.

We are of the opinion that since there was no examination of the witnesses there was no adequate basis for a determination of whether they were material. *State of Minnesota ex rel. Howard* v. *Grace,* 18 Minn. 398; *In re Grzyeskowiak,* 267 Mich. 697; *United States* v. *Lloyd,* 4 Blatchf. 427 (1860).

Inasmuch as we have decided that the petitioners were not given a sufficient hearing, there is no necessity for considering the other questions raised by them.

In the absence of such a hearing before the district court of the third judicial district at Westerly we are of the opinion that the petitioners are being held illegally.

The writ heretofore issued in each case is sustained, and the respondent is, therefore, directed to discharge each petitioner from custody forthwith.

*Michaelson & Stanzler, Milton Stanzler, Ralph P. Semonoff,* for petitioners.

*Aram K. Berberian* as amicus curiae.

*J. Joseph Nugent,* Attorney General, *Edward F. J. Dwyer,* Assistant Attorney General, for respondent.