THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TERRY MABRY, Defendant-Appellant.

Third District   No. 3—91—0242

Opinion filed December 24, 1991.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney of Peoria (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

A jury convicted the defendant, Terry Mabry, of theft (Ill. Rev. Stat. 1989, ch. 38, par. 16—1(a)(1)). Thereafter, he was sentenced to a seven-year term of imprisonment. He appeals, and we affirm.

On appeal, Mabry first argues that the trial court erred in failing to grant his motion for a new trial. Specifically, Mabry contends he was prejudiced by the testimony of a State's witness suggesting that he had a prior record of criminal conduct.

Any prejudice resulting from testimony concerning other crimes was committed by a defendant is generally cured by sustaining

an objection and instructing the jury to disregard the testimony. (*People v. Sledge* (1989), 183 Ill. App. 3d 1035, 539 N.E.2d 1312.) In such cases, the decision of whether or not to grant a mistrial is within the broad discretion of the trial court, and its decision will not be disturbed absent an abuse of discretion. (*People v. Winfield* (1983), 113 Ill. App. 3d 818, 447 N.E.2d 1029.) In order to establish an abuse of discretion, the defendant must show that he was prejudiced by the comment. *People v. Rose* (1979), 77 Ill. App. 3d 330, 395 N.E.2d 1081.

In the instant appeal, the record indicates that police officer Kenneth Orwig was asked if Mabry said anything when he was arrested. Orwig testified that Mabry said "he was going to go back to prison." Defense counsel immediately objected to the statement and asked for a mistrial. Following arguments, the objection was sustained and the court admonished the jury to disregard the comment. Thereafter, the trial court denied Mabry's motion for a mistrial.

The record reflects that Mabry testified at trial and admitted he had prior convictions for criminal sexual assault, forgery, and theft. Based on Mabry's admission, we find that even assuming the error caused by Orwig's testimony was not cured by the trial court's admonition to the jury, Mabry has failed to show how he was prejudiced by Officer Orwig's comment. Here, the jury heard from Mabry's own testimony that he had prior convictions. As such, we fail to see how Mabry was prejudiced by Office Orwig saying, in effect, the same thing.

Mabry next argues that he received ineffective assistance of trial counsel. Specifically, Mabry contends that his trial attorney failed to offer a jury instruction on the lesser offense of criminal trespass to a motor vehicle.

The record shows that Mabry went to an automobile dealership to look at a Chrysler Fifth Avenue. Once there, Mabry told a salesman, Ron Swenson, that he liked the car and had $3,500 in cash for a down payment. At that point, Swenson asked Mabry for his name and address. Mabry responded by giving false information. Swenson then allowed Mabry to take the car for a 10-minute test drive. Swenson stated that he did not accompany Mabry because he was busy with another customer.

Approximately an hour later, Mabry called Swenson and told him the license plate had fallen off the car and he would be back to the dealership in about 15 minutes. However, Mabry never returned the car. Later that same evening, he was found and arrested.

Mabry stated the reason he never returned to the dealership was because he was trying to borrow money for the down payment. Mabry testified that he got wrapped up in a conversation and by the time he was done, the dealership was closed. Mabry also claimed he intended to return the car the following morning. Mabry also said that he intended to purchase it, but was arrested before he could do so.

Following his trial, Mabry filed a motion for a new trial. Mabry claimed he received ineffective assistance of counsel because his trial attorney failed to tender a jury instruction for criminal trespass to a motor vehicle. At the hearing on Mabry's motion, his trial attorney testified regarding his defense theory and trial strategy. The trial attorney's defense theory was that Mabry had lawful authority to be in the automobile and that Mabry intended to return it the next day. Therefore, the trial attorney testified that he did not even consider giving a criminal trespass to a motor vehicle jury instruction since the essence of that crime is being in a vehicle *without* lawful authority.

To prove ineffective assistance of counsel, the defendant must first show that his trial attorney's performance was actually deficient. Additionally, the defendant must show that he was prejudiced by that deficiency. (*People v. Albanese* (1984), 104 Ill. 2d 504, 473 N.E.2d 1246.) Competency of counsel is determined from the totality of counsel's conduct at trial. (*People v. Howard* (1981), 94 Ill. App. 3d 797, 419 N.E.2d 702.) However, our review of trial counsel's competency does not extend to those areas involving the exercise of professional judgment, discretion, or trial tactics. (*People v. Spicer* (1987), 158 Ill. App. 3d 699, 511 N.E.2d 235.) This is so even though, in hindsight, other trial counsel or a reviewing court might have acted in a different manner had it been defense counsel. (*People v. Johnson* (1978), 63 Ill. App. 3d 745, 380 N.E.2d 531.) The fact that one defense counsel may have pursued the defense of the cause under a different theory does not automatically render a trial counsel's performance ineffective. *People v. Cunningham* (1989), 191 Ill. App. 3d 332, 547 N.E.2d 765.

■■ We do not find the trial court erred in denying Mabry's motion. Our review of the record indicates that Mabry received effective assistance of counsel. Mabry's trial attorney testified that his defense strategy was that Mabry had lawful authority to be in the automobile. Because of this trial strategy, Mabry's attorney did not consider offering the jury instruction on criminal trespass to a motor vehicle. The trial attorney's strategy involved his professional

judgment, and under the facts and circumstances of this case, was reasonable. Accordingly, we find no ineffective assistance of counsel since there is no showing that Mabry's trial attorney's performance was deficient or that Mabry was prejudiced by his performance.

The decision of the circuit court of Peoria County is affirmed.

Affirmed.

STOUDER, P.J., and GORMAN, J., concur.