THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES PATRASSO, Defendant-Appellant.

First District (3rd Division)   No. 1—92—3182

Opinion filed February 23, 1994.—Rehearing denied May 3, 1995.

Edward M. Genson and Marc W. Martin, both of Genson, Steinback, Gillespie & Martin, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, William D. Carroll, and Scott V. Bruner, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GREIMAN delivered the opinion of the court:

Following a bench trial, defendant James Patrasso was convicted of two counts of attempted murder and two counts of aggravated battery and sentenced to 60 years' imprisonment for each count of attempted murder to run concurrently, and seven years' imprisonment for each count of aggravated battery to run concurrently with the attempted murder sentences. After defendant unsuccessfully appealed his conviction (see *People v. Patrasso* (1st Dist. 1984), No. 1—84—0467 (unpublished order under Supreme Court Rule 23)) (*Patrasso I*), he filed a petition for leave to appeal which the Illinois Supreme Court denied.

Thereafter, defendant filed a petition for post-conviction relief (Ill. Rev. Stat. 1991, ch. 38, par. 122—1 *et seq.*) which the trial court denied. Defendant now appeals the denial of that post-conviction relief on grounds that: (1) he received ineffective assistance of counsel at trial and at the post-trial stage (*i.e.*, on his motion for new trial

and on direct appeal); (2) the Illinois extended-term statute's "brutal or heinous" provision is unconstitutional (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3.2(b)(2)); and (3) the trial court abused its discretion in imposing an extended-term sentence without providing him with notice of such intention.

We affirm the trial court.

On August 29, 1983, defendant was charged with two counts of attempted murder and four counts of aggravated battery for the shootings of Guy Sisco and George Boulahanis which occurred on February 13, 1982, although the indictment read "February 13, 1983." On February 13, 1982, defendant entered a bar, pointed a gun at close range at the two unarmed men and repeatedly fired the weapon, seriously injuring both men. See *Patrasso I*, slip op. at 2.

After a bench trial conducted on September 27, 1983, the court found defendant guilty of two counts of attempted murder and two counts of aggravated battery. On November 3, defendant offered a post-trial motion to dismiss the indictment on grounds that he was not afforded due process of law because of the variance between the date of the offense as alleged by the indictment and the date of the offense proved at trial by the State. The trial court held that defendant was reasonably apprised of the date of the offense and that he waived his right to dismiss the indictment since he failed to move for dismissal on this basis at the pretrial stage. The court then imposed sentence.

Defendant retained another attorney to proceed with his motion for new trial which alleged that: (1) defendant was denied effective assistance of counsel at trial since his attorney relied on the variance of dates without advising defendant of this strategy; and (2) the indictment should have been dismissed because the variance was material and defendant relied on it as a defense. After a hearing conducted on February 2, 1984, the court found none of defendant's arguments persuasive and considered the evidence of his guilt overwhelming.

Defendant appealed, raising the same issues argued at trial as well as an abuse of discretion by the court in imposing a sentence under the statutory extended-term provision (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—2). This court affirmed defendant's conviction and sentence, and defendant then filed a petition for leave to appeal which the Illinois Supreme Court denied.

After again engaging new counsel, defendant filed the post-conviction petition at issue which the trial court denied on August 14, 1992.

■ Under Illinois law a post-conviction petitioner is not entitled to an evidentiary hearing as a matter of right. (*People v. Titone* (1992),

151 Ill. 2d 19, 24, 600 N.E.2d 1160, citing Ill. Rev. Stat. 1983, ch. 38, par. 122—6.) Rather, the petitioner has the burden to establish a substantial deprivation of rights under the Federal or State Constitution. (*Titone*, 151 Ill. 2d at 24.) Dismissal of a post-conviction petition is a matter within the trial court's discretion which will not be disturbed on review absent manifest error. *Titone*, 151 Ill. 2d at 24.

■ Defendant first argues that the trial court erred in dismissing his petition for post-conviction relief because the incompetent performances of his trial and post-trial counsel resulted in a breakdown of the meaningful adversarial testing required by the Federal and State Constitutions.

Defendant's claim of ineffective assistance of counsel is suggested by the record. Trial counsel, although a seasoned civil lawyer, appeared to lack criminal experience. However, post-trial counsel raised this very issue by motion for new trial and on appeal and, as we do not sit as a reviewing court for that appeal, this issue is *res judicata* since the appellate court found the totality of defense counsel's representation to be competent. See *Patrasso I*, slip op. at 3-5; see also *Titone*, 151 Ill. 2d at 35 (exact argument considered and rejected on direct appeal is *res judicata* on appeal of trial court's denial of defendant's post-conviction petition).[1]

Moreover, the record supports the trial court's finding that defendant received effective assistance at the post-trial stage.[2] To prevail on a claim of ineffective assistance of counsel, defendant must establish that his counsel's representation fell below an objective standard of reasonableness and that, as a result of the proceeding, defendant suffered prejudice. (*People v. Johnson* (1993), 154 Ill. 2d 227, 233-34, 609 N.E.2d 304, citing *Strickland*, 466 U.S. at 687-89, 80 L. Ed. 2d at 693-94, 104 S. Ct. at 2064-65.) When reviewing a claim of ineffective assistance of counsel, the court will examine the totality of counsel's conduct in light of the strong presumption that counsel's performance fell within " 'the wide range of reasonable professional assistance.' " *People v. Flores* (1989), 128 Ill. 2d 66, 81, 538 N.E.2d 481,

---

[1]Although that appellate court determined defense counsel's competency at trial without citing *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052, the Supreme Court announced this landmark decision five months prior to *Patrasso I*.

[2]We note that defendant in his appellate brief only challenges his counsel's competency on the new trial motion without reference to the direct appeal. However, since courts will consider a sixth amendment challenge in light of the totality of counsel's performance, we examine defense counsel's performance throughout the post-trial stage.

quoting *Strickland,* 466 U.S. at 689, 80 L. Ed. 2d at 694, 104 S. Ct. at 2065.

Defendant contends that his post-trial counsel did not afford him effective representation because counsel failed to confer with him about the substantive facts of the case and because counsel waived his right to be present at the hearing on the motion for new trial. We disagree. The record shows that post-trial counsel conferred with defendant about the main issue presented at the hearing on the motion for new trial, which concerned the competency of defendant's trial attorney, and at the hearing presented a persuasive argument to support a reversal, including testimony from two witnesses, one of whom was defendant's trial attorney. Moreover, counsel raised the issue of defendant's alleged intoxication to argue defendant's inability to form the specific intent to commit the crimes for which he was charged.

Defendant's argument that he would have given post-trial counsel information supporting a self-defense defense or information demonstrating the incompetence of trial counsel fails to establish that he suffered "actual prejudice" at counsel's hands. To show actual prejudice, defendant must establish a reasonable probability that " 'but for counsel's unprofessional errors, the result of the proceeding would have been different.' " (*Johnson,* 154 Ill. 2d at 234, quoting *Strickland,* 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068.) Defendant may not rely on "mere conjecture or speculate as to the outcome of the case had the representation been of a higher quality." *People v. Puente* (1984), 125 Ill. App. 3d 152, 158, 465 N.E.2d 682, citing *People v. Hills* (1980), 78 Ill. 2d 500, 505-06, 401 N.E.2d 523; see *People v. Berland* (1978), 74 Ill. 2d 286, 311, 385 N.E.2d 649 ("effective assistance" means competent, not perfect, representation).

While the affidavits filed in the instant matter reveal the venality of the victims, with apparent connections to organized crime, they do not support a defense predicated upon the need for self-defense or a lack of specific intent. Instead, the affidavits, which portray defendant as a drug-abusing bouncer for a place of prostitution frequented by dealers of narcotics and weapons, provide this court with a possible explanation for counsel's hesitation to argue in mitigation.

■ Similarly, defendant has failed to show how his presence at the hearing on the new trial motion would have changed the result of the proceeding, especially in light of the fact that defendant had no ascertainable right to be present at the hearing. A defendant's constitutional right to be present at trial does not "embrace a right to be present also at the argument of motions prior to trial or subsequent to verdict." *People v. Woods* (1963), 27 Ill. 2d 393, 395, 189

N.E.2d 293; see *People v. Burke* (1992), 226 Ill. App. 3d 798, 804, 589 N.E.2d 966, citing *People v. Hummel* (1977), 48 Ill. App. 3d 1002, 1008, 365 N.E.2d 122.

On this issue, defendant's failure to establish that the alleged errors of counsel prejudiced his success on the motion for new trial precludes a finding of manifest error.

■ Defendant also contends that the "brutal or heinous" provision of the Illinois extended-term statute (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3.2(b)(2)) violates the due process and cruel and unusual punishment clauses of the Federal and State Constitutions because it is vague and ambiguous and "leaves sentencing to the unfettered discretion of the sentencer." The statute at issue permits the trial court to sentence a convicted felon to an extended term if the court finds that the offense was accompanied by "exceptionally brutal or heinous behavior indicative of wanton cruelty." (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3.2(b)(2).) Illinois courts have repeatedly upheld the statute at issue against identical or similar constitutional attacks. See *People v. Hartzol* (1991), 222 Ill. App. 3d 631, 655, 584 N.E.2d 291, citing *People v. Hernandez* (1990), 204 Ill. App. 3d 732, 743-44, 562 N.E.2d 219; *People v. Bryant* (1990), 202 Ill. App. 3d 290, 308-09, 599 N.E.2d 930; *People v. Page* (1990), 193 Ill. App. 3d 467, 471-72, 550 N.E.2d 248; *People v. Brown* (1990), 195 Ill. App. 3d 78, 551 N.E.2d 1100; *People v. Barnhill* (1989), 188 Ill. App. 3d 299, 543 N.E.2d 1374; *People v. Whitlock* (1988), 174 Ill. App. 3d 749, 782, 528 N.E.2d 1371; *People v. Cartalino* (1982), 111 Ill. App. 3d 578, 590-92, 444 N.E.2d 662.

Moreover, Illinois courts have specifically rejected the argument which defendant presents in reliance on *Maynard v. Cartwright* (1988), 486 U.S. 356, 363-64, 100 L. Ed. 2d 372, 382, 108 S. Ct. 1853, 1859 (Oklahoma statute directing a jury to consider capital sentencing for crimes "especially heinous, atrocious, or cruel" held unconstitutionally vague for lack of sentencing guidelines); now, the eighth amendment analysis presented in *Maynard* "applies only in death penalty cases and does not apply to an extended term of imprisonment." (*Hernandez*, 204 Ill. App. 3d at 744, citing *Brown*, 195 Ill. App. 3d at 89; see *Barnhill*, 188 Ill. App. 3d 299.) Hence, the trial court did not commit manifest error by sentencing defendant for an extended term proportionate to the violent nature of the crime he committed.

Finally, defendant claims that the trial court erred in imposing an extended-term sentence without notifying him of its intention to do so. This claim is also *res judicata* since defendant raised and the court addressed this issue on direct appeal:

"The statute does not require that defendant be given any notice prior to the imposition of an extended term sentence, and we find that the trial court, in advising defendant and his counsel at the hearing in aggravation and mitigation of his intention to impose such a sentence, gave sufficient notice to defendant." (*Patrasso I,* slip op. at 4-5, citing *People v. Grier* (1980), 90 Ill. App. 3d 840, 413 N.E.2d 1316.)

Because defendant committed a brutal and heinous crime within the meaning of the Illinois extended-term statute, "avoiding murder only because the gun did not fire" (see *Patrasso I,* slip op. at 5), the trial court did not commit manifest error in sentencing.

For the foregoing reasons, we affirm defendant's conviction and sentence.

Affirmed.

TULLY, P.J., and CERDA, J., concur.