No. 3–99–0946

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2001

PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the Circuit Court

) of the 12th Judicial Circuit

Plaintiff-Appellee, ) Will County, Illinois

)

v. ) No. 99–CF–189

)

CHRISTOPHER MCDONALD, ) Honorable

) Stephen D. White

Defendant-Appellant. ) Judge Presiding

_________________________________________________________________

JUSTICE LYTTON delivered the opinion of the court:

_________________________________________________________________

Defendant Christopher McDonald was convicted of first degree murder, two counts of aggravated battery with a firearm, aggravated discharge of a firearm, and unlawful use of a weapon by a felon.  On appeal, he claims that the trial court abused its discretion: (1) when it denied his motion to dismiss the indictment after 
ex
 
parte
 hearings on material witness bonds; (2) when it denied a motion for a mistrial after prosecution testimony about bloodhound evidence; and (3) in sentencing defendant.  We affirm.

On February 9, 1999, John Gholston was driving a stolen car with three passengers, Derrick Gholston, Lucias Byes and Courtney Ward.  As Gholston parked the car, defendant came up to the vehicle, and an argument ensued.  When John Gholston got out of the car, defendant shot him; defendant then shot inside the car wounding Derrick Gholston and Lucias Byes.  Courtney Ward escaped from the vehicle without injury.  John Gholston died as a result of the shooting.

After defendant was indicted, the State petitioned the court for material witness bonds for Byes, Ward and Raymond Keyes, a potential witness to an inculpatory statement that defendant purportedly made.  Each petition alleged that the witness feared for his safety because Derrick Gholston had been shot and killed on February 20, 1999.  Byes' petition also alleged that he planned on leaving the Joliet area.

Neither defendant nor counsel received copies of the petitions or notice of the hearings on the material witness bonds, and neither was present at the hearings.  Defendant's counsel later found out about the hearings and filed a motion to dismiss the indictment, which the court denied.  A jury found defendant guilty of first degree murder, two counts of aggravated battery with a firearm, aggravated discharge of a firearm, and unlawful use of a weapon by a felon.

I.  THE MATERIAL WITNESS BOND HEARINGS

A.

In Illinois, material witness bonds are a statutorily authorized procedure. 725 ILCS 5/109—3(d) (West 1998).  Generally, section 109—3 concerns preliminary examinations, or hearings, for felony defendants.  If a defendant is held to answer after a preliminary hearing, the judge "may require any material witness for the State or defendant to enter into a written undertaking to appear at the trial."  725 ILCS 5/109—3(d) (West 1998).  The court can then order the witness to execute a recognizance bond which provides for a forfeiture of a sum certain in the event the witness fails to appear.  725 ILCS 5/109—3(d) (West 1998).

When a witness is brought before it, the court must decide whether facts exist to warrant requiring a recognizance bond.  
Howard v. Grace
, 18 Minn. 398, 401 (1872).  Generally, if the court determines that the witness is material and that there is a danger that the testimony will be lost, the court may take security, including a recognizance bond, to insure the witness' attendance.  
Howard
, 18 Minn. at 402.  Where confinement is contemplated for one not charged with a crime, a court should be very circumspect in granting material witness bonds.  
State v. Reid
, 114 Ariz. 16, 25, 559 P.2d 136, 145 (1976).  A court must balance the need for a witness to appear at trial with the witness' constitutional right to freedom from unnecessary restraint.  
Goodrich v. Warden
, 137 N.Y.S.2d 437, 438 (Sup. Ct. 1954).

In this case, defendant argues that his constitutional right to be present was violated when each of the material witness bonds were issued at 
ex
 
parte
 hearings.  Neither defendant nor his attorney had notice of the hearings.  Indeed, defendant says that he never would have known about them except for an accidental discovery.  

The State contends that defendant had no right to appear at the hearings and cites several cases involving pretrial or posttrial motions to support its argument.
(footnote: 1)  In all of the cited cases, however, defendant or counsel had notice, and counsel attended the hearing.  Here, neither counsel nor defendant received notice. 

Defendants have the right to appear and defend themselves in person at all stages of trial.  U.S. Const., amend. XIV; Ill. Const. 1970, art. I, §§2, 8;  
People v. Mallett
, 30 Ill.2d 136, 195 N.E.2d 687 (1964).  A defendant should have notice of every stage of trial.  The State and defendant appear to agree that the material witness bond hearing was a stage of defendant's trial.  There is no question that he should have had notice of the filing of the petitions and the hearings, and it was clear error not to have given him notice.

B.

Defendant does not argue that the hearing alone was a critical stage of his trial, but he does claim that prejudice flowed from the lack of notice because the trial court was tainted by the allegations in the petitions. 

A defendant's right to be present is not absolute.  
People v. Jones
, 185 Ill. App. 3d 208, 541 N.E.2d 161 (1989).  A defendant is guaranteed the right to be present at any stage of a criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure (
People v. Kubat
, 94 Ill. 2d 437, 493-94, 447 N.E.2d 247, 272 (1989)), or if it involves a defendant's substantial rights (
People v. Martine
, 106 Ill. 2d 429, 439, 478 N.E.2d 262, 266 (1985)).

Although a material witness bond hearing would not, under normal circumstances, involve defendant's substantial rights or contribute to the fairness of the outcome of the procedure, defendant argues that prejudice arose because the petitions alleged that the witnesses feared for their safety because of the subsequent murder of Derrick Gholston and that 
ex
 
parte
 hearings afforded the prosecution an opportunity to present "inflammatory" conclusions to the court.  Because of this claimed prejudice, he contends that he was foreclosed from opting for a bench trial since the trial court could not fairly try the case.  Thus, he was locked into a jury trial, which contributed to the unfairness of the proceedings.  See generally 
People v. Kubat
, 94 Ill. 2d 437, 493-94, 447 N.E.2d 247, 272 (1989).

Defendant has not met his burden of showing that the petitions prejudiced the trial court.  The petitions simply claim that the witnesses feared for their safety and note that the murder of Derrick Gholston is under investigation.  Defendant is not referenced in either allegation.

 Furthermore, our review of the record of the hearings shows no "inflammatory" communication concerning either the facts of the case or Derrick Gholston's murder.  Instead, the very short hearings included only a statement by the court of what a material witness bond is, the amount of the recognizance bond, and a short explanation of notices for trial and the effect of subpoenas and delays.  Since we find no evidence of prejudice to the trial judge, the error was harmless. 

C.

Defendant argues that without the opportunity to examine witnesses and lessen the negative impact on the court, his substantial rights were violated. 

The reach of the Illinois material witness statute is very broad.  Yet, the hearing on material witness bonds has a very narrow scope.  The only issues to examine are whether: (1) the defendant has been held to answer, 
i.e.
, a finding of probable cause at the preliminary hearing; (2) the witness is material; (3) a written undertaking should be required of the witness; and (4) the witness should be required to execute a recognizance bond, and, if so, in what amount.  See 725 ILCS 5/109—3(d) (West 1998).  Any examination by the defendant would be limited to these issues, and no others could have been explored at the hearings.

A trial court has considerable discretion to issue material witness bonds.  725 ILCS 5/109—3(d) (West 1998).  See generally
 Cunningham v. Barry
, 25 F.2d 733 (E.D. Pa. 1928), 
rev'd
 on other grounds, 29 F.2d 817 (3rd Cir. 1928), 
rev'd
 on other grounds, 279 U.S. 597, 73 L. Ed. 867, ___ S. Ct. ___ (1929).  A trial court should look at several factors in exercising its discretion, including the materiality of the testimony, the diligence required to produce the witness if no bond is issued, and the likelihood of concealment or flight.  Although the Illinois statute does not require the witness to be a flight risk, flight or concealment is the ostensible reason for the use of material witness bonds in most cases.  See generally R. Carlson and M. Voelpel, 
Material Witness and Material Injustice
, 58 Wash. U. L.Q. 1 (1980). 

Defendant does not claim that the witnesses were not material or that recognizance bonds of $100,000 in the event they did not appear at trial were inappropriate.  We are unable to determine what defendant could have done or gained at the hearings that would have affected his claim of potential trial court prejudice.  It is difficult to see how defendant's presence at the hearings could have affected the trial judge in any way.  Any information gained by defendant's examination of the witnesses at the hearings would not have been helpful to defendant.

Moreover, at the hearing on his motion to dismiss the indictment, defendant was fully aware of the petitions and had access to the record of the material witness bond hearings.  At that point, he could have asked for a substitution of judge.  He did not.  He chose instead to adhere to his jury demand.

Since we find no due process violation, we affirm the trial court's denial of defendant's motion to dismiss the indictment.

II.  BLOODHOUND EVIDENCE 

Joliet police officer Robert Badertscher testified that his police dog was trained to locate articles or physical evidence with human scents on them.  Courtney Ward had led officer Badertscher on the path Ward took when he ran from the shooting scene.  Badertscher and other officers searched the area for firearms several times, one time with the dog.

At trial, when asked if he had led his dog on the path that Ward took, the officer responded that he had and began to explain the path that he had taken with the dog.  At this point, defendant objected.  At a conference held outside the hearing of the jury, defendant moved for a mistrial.  The prosecutor argued that if the State could show that a search of Ward's path of retreat had been made without finding a gun, the defense of self-defense could be refuted.  The trial judge denied the motion for mistrial, but sustained the objection and told the jury that any testimony regarding the canine was inadmissible and should be disregarded.

Defendant argues that since the jury heard evidence of the bloodhound search, the denial of his motion to dismiss based on that evidence was error.

Our standard of review for motions for mistrial is whether the trial court abused its discretion; a court's decision will not be disturbed unless defendant was prejudiced by the testimony.  
People v. Mabry
, 223 Ill. App. 3d 193, 584 N.E.2d 507 (1991).  In Illinois, bloodhound evidence is never admissible to establish any factual proposition in a criminal proceeding.  
People v. Cruz
, 162 Ill. 2d 314, 643 N.E.2d 636 (1994).  However, if properly admitted evidence establishes an element of the crime, erroneously admitted evidence is harmless.  
People v. Gomez
, 141 Ill. App. 3d 935, 491 N.E.2d 68 (1986).  If a trial judge properly sustains a timely objection and instructs the jury to disregard the evidence, the error is usually cured.  
People v. Fierer
, 260 Ill. App. 3d 136, 631 N.E.2d 1214 (1994). 

Although the jury heard some bloodhound evidence, sustaining defendant's objection and instructing the jury to disregard the evidence was sufficient to cure the error.  Moreover, the testimony concerning the search with the dog was merely cumulative of Badertscher's testimony concerning his search for a weapon with other officers, but without the dog.  We cannot say that the trial court abused its discretion in denying defendant's motion for mistrial.

III.  SENTENCE

Defendant also argues that his sentence was excessive and the trial court failed to consider evidence in mitigation.  He contends that the trial court made no specific findings on the record of factors in mitigation, citing section 5—4—1(c) of the Unified Code of Corrections (730 ILCS 5/5—4—1(c) (West 1998)).

Imposition of a sentence is discretionary with the trial judge and entitled to great deference and weight.  In the absence of an abuse of that discretion, the sentence will not be altered on appeal.   
People v. Streit
, 142 Ill. 2d 13, 566 N.E.2d 1351 (1991). 
A trial court's statement of the factors in mitigation or aggravation eliminates speculation regarding the basis of its decision and enables a reviewing court to more intelligently determine if the sentence was proper. 
 
People v. Perruquet
, 68 Ill. 2d 149, 368 N.E.2d 882 (1977).  However, the statutory requirement that the trial judge set forth on the record his reasons for a particular sentence does not obligate the judge to recite each factor.  
People v. Sawyer
, 139 Ill. App. 3d 383, 487 N.E.2d 662 (1985).  Where mitigating evidence is before the court, it is presumed that the sentencing judge considered it unless there is some indication to the contrary, other than the sentence itself.  
Sawyer
, 139 Ill. App. 3d 383, 487 N.E.2d 662.  

In this case, the trial judge stated on the record that he had considered all of the statutory factors including the rehabilitative potential of defendant.  Though it is preferable for the trial judge to specifically state the factors in aggravation and mitigation, it is sufficient that the record reflect that he has reviewed them.  We have reviewed the record in this case and find that it supports the trial judge's sentence.  We cannot say the trial judge abused his discretion in imposing defendant's sentence.

IV.  CONCLUSION

The judgment of the circuit court of Will County is affirmed.

Affirmed.

McDADE and SLATER, JJ., concur.

FOOTNOTES
1: 
People v. Starks
, 287 Ill. App. 3d 1035, 679 N.E.2d 764 (1997); 
People v. Patrasso,
 271 Ill. App. 3d 1087, 679 N.E.2d 428 (1994); 
People v. Saltz
, 75 Ill. App. 3d 477, 393 N.E.2d 1291 (1979); 
People v. Pierce
, 56 Ill. 2d 361, 308 N.E.2d 579 (1977); 
People v. Breitweiser
, 38 Ill. App. 3d 1066, 349 N.E.2d 454 (1976).  None of these cases concern material witness bond hearings.