# Illinois Official Reports

## Appellate Court

---

### *People v. Johns*, 2016 IL App (1st) 160480

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. KAPRICE JOHNS, Petitioner-Appellant. |
| District & No. | First District, Third Division<br>Docket No. 1-16-0480 |
| Filed | March 4, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 14-CR-0685301; the Hon. Diane G. Cannon, Judge, presiding. |
| Judgment | Order vacated; remanded with directions. |
| Counsel on Appeal | Amy P. Campanelli, Public Defender, of Chicago (Vincent V. Colucci, of counsel), for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg and Sophia J. Atcherson, Assistant State's Attorneys, of counsel), for the People. |
| Panel | PRESIDING JUSTICE MASON delivered the judgment of the court, with opinion.<br>Justices Lavin and Pucinski concurred in the judgment and opinion. |

**OPINION**

¶ 1    This matter is before the court on the emergency motion of petitioner Kaprice Johns to review a no-bail order entered by the circuit court after it determined that Johns was a material witness in an upcoming murder trial. The motion was filed on February 26, 2016, the State responded on February 29, 2016, and the court heard argument on March 3, 2016. Upon consideration of the arguments of the parties, we have determined that the procedure followed by the circuit court was improper and contrary to the statute on material witnesses. 725 ILCS 5/109-3(d) (West 2014). We, therefore, remand with directions.

¶ 2    In the underlying criminal case in which trial is set to commence on March 4, 2016, defendants Clint Massey and Courtney Ealy are charged with the murder of Javan Boyd on February 22, 2014. Boyd, a cab driver, was murdered on that date around 10 p.m. in the vicinity of 37th Street and Princeton Avenue in Chicago as he waited for a fare. According to the State, Johns was a passenger in one of the cars that transported the alleged offenders to the scene of the murder and drove one of the offenders back to the scene after the murder to retrieve a cell phone he had dropped there. Johns has previously given a video recorded statement to police and testified before the grand jury.

¶ 3    Evidently, the State lost track of Johns and represented to the trial court on a number of occasions that it had been unable to serve her with a trial subpoena and, therefore, could not proceed with trial. Counsel representing the defendants demanded trial on December 4, 2015, and the trial court granted the State's request for an extended term under the speedy trial statute. 725 ILCS 5/103-5(c) (West 2014). The State represents that the extended term expires on May 17, 2016.

¶ 4    On February 9, 2016, Johns was taken into custody on a warrant in an unrelated Cook County traffic matter. At a hearing held on February 10, the traffic matter was disposed after a guilty plea with a sentence of time served. But Johns also had an outstanding warrant on a criminal charge pending in Lake County, Indiana, and therefore, the court ordered her held without bail. For reasons unexplained in the record, since February 10, no one from Indiana law enforcement has retrieved Johns from the Cook County jail. On February 16, 2016, while she remained in custody on the Indiana warrant, the State served Johns with a trial subpoena commanding her appearance on March 4.

¶ 5    On February 18, 2016, the State filed a motion to declare Johns a material witness.[1] In its motion, the State requested that Johns be required to execute a written undertaking to appear at trial and that she be required to "post a reasonable bond" to secure her appearance. But at the hearing on the State's motion, held the same day it was filed, the State instead asked that "a surety bond be recommended for this defendant [*sic*] in the form of no bail because of the

---

[1]The record does not contain notice of the hearing to Massey and Ealy's counsel. See *People v. McDonald*, 322 Ill. App. 3d 244, 247 (2001) ("A defendant should have notice at every stage of trial. The State and defendant appear to agree that the material witness bond hearing was a stage of defendant's trial. There is no question that he should have had notice of the filing of the petitions and the hearings, and it was clear error not to have given him notice"; the court ultimately found that lack of notice did not prejudice defendant). No lawyer appeared on behalf of these defendants at either of the hearings in the trial court.

nature of the offense and how long she had hidden from her duties and responsibilities in this particular case."

¶ 6 Treating the matter as a bond hearing, counsel from the Office of the Cook County Public Defender, appearing on Johns's behalf, objected both to the lack of notice of the State's motion as well as to the State's request to hold Johns without bond. Counsel pointed out that Johns had never failed to appear on any court date in the murder prosecution[2] and that, as a result, she should be released without bond.

¶ 7 Without inquiring whether Johns was willing to execute the written agreement to appear at trial, which was tendered by the State with its motion, the trial court declared that Johns was a material witness and informed Johns: "I'm going to hold you no bail, not because I don't think you're going to show up. I believe you would show up. But I don't want Indiana to take you and we might not see you until after the court date." Thus, for reasons wholly unrelated to Johns's conduct, the court determined that she should remain in custody. No evidence or argument was presented at the hearing regarding any lack of cooperation between Indiana and Illinois law enforcement officials.

¶ 8 After the court determined to hold Johns without bond, the State called the court's attention to the written agreement appended to its motion, and the court asked Johns to sign it, indicating "I'm not going to set *** bail either way." On the advice of her counsel, Johns did not sign the agreement.

¶ 9 On February 22, 2016, counsel for Johns filed motions to reconsider the certification of Johns as a material witness and to reconsider bond. At a hearing held on February 25, Johns's counsel argued that as far as the record showed, Johns had cooperated with law enforcement and had not been hiding from her responsibilities as represented by the State. Counsel also represented that Johns was homeless and did not have a fixed place of residence. Counsel asked that she be released upon her execution of the written agreement to appear at the scheduled trial.

¶ 10 In denying both motions, the court reiterated that its main concern was that Johns would be taken to Indiana on the outstanding warrant and that she would not be returned for trial. The matter was continued for March 1 before the assigned trial judge. Johns's verified motion for review of bail was filed in this court on February 26. Ill. S. Ct. R. 604(c) (eff. Dec. 11, 2014) (providing for appellate review of an order setting, modifying, revoking, denying, or refusing to modify bail or the conditions thereof). On March 1, due to the pendency of Johns's motion in this court, the trial judge determined that he lacked jurisdiction to enter any further order concerning Johns's release.

¶ 11 Johns first asks us to vacate the finding that she is a material witness in connection with Boyd's murder. At the initial hearing on the State's motion, counsel for the State made an oral proffer of the nature of Johns's involvement in the incident. Johns was present at the scene when the murder took place and returned to the scene with one of the alleged perpetrators to retrieve his cell phone. Based on that proffer, it is obvious that Johns could provide relevant and material evidence in connection with the prosecution of Massey and Ealy. We see no basis for Johns's contention that the State was required to demonstrate that she was the only witness who could testify to the matters on which the State anticipated

---

[2]While it is true that Johns never failed to appear, the State was unable to locate her on several occasions to serve her with a trial subpoena and for that reason requested continuances of the trial.

calling her or that the State was obligated to turn over police reports or other materials substantiating the materiality of her testimony. While we agree that a court must exercise circumspection in applying the material witness statute as it imposes restrictions on the rights of persons not charged with a crime (*McDonald*, 322 Ill. App. 3d at 247 ("Where confinement is contemplated for one not charged with a crime, a court should be very circumspect in granting material witness bonds. [Citation.] A court must balance the need for a witness to appear at trial with the witness' constitutional right to freedom from unnecessary restraint.")), we find no support for Johns's contention that a material witness hearing entails an in-depth exploration of the State's case and how the putative material witness's testimony fits into that case. Therefore, the circuit court did not err in certifying Johns as a material witness or in refusing to vacate that certification.

¶ 12   We next address the circuit court's decision to hold Johns without bail. The authority for a court's jurisdiction to impose conditions on material witnesses in criminal cases is found in section 109-3(d) of the Code of Criminal Procedure of 1963 (Code), which provides:

> "[T]he judge may require any material witness for the State or defendant to enter into a written undertaking to appear at the trial, and may provide for the forfeiture of a sum certain in the event the witness does not appear at the trial. Any witness who refuses to execute a recognizance may be committed by the judge to the custody of the sheriff until trial or further order of the court having jurisdiction of the cause. Any witness who executes a recognizance and fails to comply with its terms shall, in addition to any forfeiture provided in the recognizance, be subject to the penalty provided in Section 32-10 of the Criminal Code of 2012 [(720 ILCS 5/32-10 (West 2014))] for violation of bail bond." 725 ILCS 5/109-3(d) (West 2014).

The plain language of this provision requires that a witness first be given the opportunity to sign a written undertaking to appear at trial. Further, section 109-3(d) allows the court, in addition to requiring the witness to execute a written undertaking, to provide for the forfeiture of a sum certain if the witness fails to appear. Finally, the statute authorizes a court to commit a material witness to the custody of the sheriff *only* after the witness has refused to agree in writing to appear at trial. The statute does not authorize a court to bypass the process of inquiring whether the witness is willing to sign a written undertaking and, if so, what (if any) bond should be required.

¶ 13   The State contends that a trial court has the discretion to set a "bond" for a material witness or, if the circumstances warrant, hold the witness without "bond." Although the State concedes that the procedure contemplated by the statute was not followed here, in that the circuit court determined to hold Johns without bond before inquiring whether she was willing to sign the agreement to appear at trial, the State nevertheless contends that in any case a court has the discretion to hold a material witness in custody even if the undertaking is signed.

¶ 14   Nothing in the language of the statute supports the State's position. Because section 109-3(d) specifies only one circumstance that will authorize a court to take custody of an individual who has not been charged with a crime—the refusal to agree in writing to appear at trial—there is no authority to read into the statute additional circumstances that would warrant such a serious infringement on a witness's freedom.

¶ 15   For her part, Johns contends that since she has not been charged with any offense and has, thus far, not failed to appear in the criminal case, she is entitled to be released either on

her own recognizance, without bond, or that the court, in its discretion, may also provide that a judgment for a sum certain will be entered against her, *i.e.,* "forfeited," should she fail to appear. Under this reading of the Code, the court's discretion would be limited to setting a "sum certain" subject to forfeiture, leaving the State with a presumably uncollectible paper judgment against the no-show witness and the likely inability to proceed with trial. We likewise disagree that this is an appropriate reading of the statute. While, under appropriate circumstances, a court is entitled to determine that no bond should be required of a material witness, the statute does not mandate this result.

¶ 16    Johns alternatively contends that she is entitled to be released by posting a bond set by the court. See, *e.g.*, 725 ILCS 5/110-7, 110-8 (West 2014). We agree. In the event a witness agrees in writing to appear at trial, the court is authorized, taking into account all relevant factors, to set a "bond." Johns is correct that use of the terms "bond" and "bail bond" typically denote a monetary deposit required of, and/or restrictions placed on, those charged with criminal offenses. This could explain the legislature's failure to use those terms in the section of the Code dealing with material witnesses, which is concerned with the promise to appear and that a sum certain will be forfeited for failure to do so.[3] Nevertheless, the provision relating to material witnesses is designed to allow parties—prosecution or defense—to utilize the court's power, beyond the issuance of a subpoena, to secure the testimony of essential witnesses at trial. It necessarily follows that the "sum certain" subject to "forfeiture" is the functional equivalent of a bond and may, depending on the circumstances, require the witness to deposit security as a condition of the bond. This conclusion is reinforced by section 109-3(d)'s provision for the same criminal penalties against a material witness who fails to appear as those a criminal defendant faces for violating a bail bond. 725 ILCS 5/109-3(d) (West 2014).

¶ 17    The "sum certain" subject to forfeiture set by the court can be based on any relevant factors, including but not limited to the seriousness of the offense charged, the importance of the witness's testimony to the State's case, any criminal history or history of failures to appear in other cases the witness might have, whether the witness has a fixed residence where he or she can be located, or any other factor that bears on the likelihood that the witness will honor the agreement to appear for trial. See *McDonald*, 322 Ill. App. 3d at 249 (citing "the materiality of the testimony, the diligence required to produce the witness if no bond is issued, and the likelihood of concealment or flight" as relevant factors). The foregoing is not an exhaustive list; as it does in any case, a court may consider any factor relevant to the amount necessary to secure the material witness's compliance with the undertaking to appear.

¶ 18    The procedure adopted by the trial court here short-circuited the process contemplated by the material witness statute and was, for that reason, improper. Because Johns is not charged with a crime and was never given the opportunity to sign the written undertaking proffered by the State before being held in custody, we vacate that portion of the trial court's order directing that she be held without bond and remand this matter to the

---

[3]Although a court may impose additional conditions on the release of a criminal defendant on bail, such as refraining from possessing weapons, prohibiting contact with witnesses or victims, or placing the defendant on electronic monitoring, the material witness statute does not authorize such additional restrictions.

circuit court with directions to (1) allow Johns the opportunity to execute the written undertaking to appear and (2) determine what, if any, "sum certain" should be required to secure her adherence to that undertaking.

¶ 19    Order vacated; remanded with directions.